Cradie WORTHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–94–144 CR.

Court of Appeals of Texas,
Beaumont.

Submitted March 9, 1995.

Decided Aug. 16, 1995.

Barry R. Bryan, Lufkin, for appellant.

Clyde M. Herrington, Dist. Atty., Lufkin, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

STOVER, Justice.

This is an appeal from a final judgment of conviction against the appellant, Cradie Wortham. Appellant was indicted for the offense of possession of a controlled substance, cocaine, in an amount of less than 28 grams. Trial was to a jury, which found the appellant guilty. The trial court assessed punishment at ten years in the Institutional

Division of the Texas Department of Criminal Justice. From this judgment and sentence the appellant now appeals.

## Background Facts

On October 29, 1993, the appellant was arrested for the offense of the possession of cocaine. Two law enforcement officers, Officers David Womack and Michael Aldrich, testified that they were sitting in two separate patrol cars at approximately 10:30 p.m. on October 29, 1993, in a parking lot across from an area known as "Locke Alley," a high crime and drug trafficking area in Lufkin, Texas. A civilian rider, John Botch, Administrator for the Angelina County and Cities Health District, was a passenger in the patrol car driven by Officer Aldrich. Mr. Botch was a participant in a civic program known as "Leadership Lufkin."

At approximately 10:40 p.m., these officers noticed a white hatchback vehicle slowly pulling into the Locke Alley area. As the officers began to drive in their separate cars into Locke Alley, Officer Aldrich saw the appellant leaning against the white hatchback car. Appellant was standing by the front passenger-side window of the white car with something in his hand. Upon noticing the marked patrol car, the appellant began to walk very quickly away from the officer into an area between two houses located nearby. Officer Aldrich left his patrol car and pursued the appellant between the two houses. Detaining the appellant, Officer Aldrich conducted a "pat-down" of the appellant to search for possible weapons. By this time, Officer Womack had arrived in the area; he began to search the ground for any contraband which might have been thrown down by the appellant. About one foot from the appellant, Officer Womack located a small plastic container which, according to Officer Womack's testimony, contained crack cocaine. Officer Aldrich identified the container as being like the container he had seen earlier in the appellant's hand when the appellant was leaning against the white vehicle. Officer Aldrich further testified that when Officer Womack picked up the container from the ground, the appellant blurted out, "That ain't mine." After the appellant was arrested, his clothing was searched and a small amount of copper wiring was found, which both officers testified was commonly used as a filter to smoke crack cocaine.

Testimony from John Botch substantiated the testimony of the officers. Mr. Botch stated that he saw something held in the palm of the appellant's hand while appellant was standing next to the white vehicle, and that the object was smaller than a "Coca-cola or beer can" or "a bottle", and could have been the container in question. Mr. Botch also stated that the appellant "started to run between the buildings—between the houses" when the officers arrived in the area.

The appellant called several witnesses to testify, including Velma Joyce Henry, whose credibility was challenged by her testimony that she had prior convictions and by her admission that she was a drug dealer. Ms. Henry testified at trial that she was drinking beer with appellant immediately prior to appellant's arrest, that she had never seen the container or bottle before the trial, and that the appellant was only trying to get beer from "Touche", the driver of the white vehicle. Similarly, the appellant had also testified that he was trying to get a beer from a man he knew only as "Touche", who was driving the white vehicle, and that he wanted to see if "Touche" would possibly drive the appellant home.

After the finding of guilt by the jury and sentencing by the trial court, appellant filed a motion for new trial, alleging newly discovered evidence. The trial court denied the motion for new trial, and this appeal ensued. Appellant alleges two points of error.

Appellant's first point of error states that the trial court erred in denying appellant's motion for new trial. At the hearing on appellant's motion for new trial and in the affidavit of Velma Joyce Henry attached to the motion, Ms. Henry declared for the first time that she had, in fact, seen the bottle of cocaine prior to the discovery of the drugs by Officer Womack. Ms. Henry claimed that she first saw the bottle of cocaine in the possession of a woman named "Hannah Oliver." According to Ms. Henry, she personally observed Ms. Oliver place this bottle "down up under the house" on Locke Alley

prior to the arrival of Officers Womack and Aldrich. In the jury trial the defense attorney never asked Velma Joyce Henry to whom the bottle of cocaine actually belonged, even though the defense attorney admitted during his questioning of Ms. Henry at the new trial hearing that he knew she had information she was not telling him during his pre-trial interviews with her. The witness Velma Henry claimed to know nothing about the bottle of cocaine during the trial but suddenly knew everything about the bottle after the trial.

 "A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." TEX.CODE CRIM.PROC.ANN. art. 40.001, effective Sept. 1, 1993, (Vernon Supp.1995).[1] The standard of review of a denial of a motion for new trial based on newly discovered evidence is abuse of discretion. *Bolden v. State*, 634 S.W.2d 710 (Tex.Crim.App.1982). Such a denial will not constitute an abuse of discretion unless the record shows (1) the newly discovered evidence was unknown or unavailable to the movant at time of trial, (2) the movant's failure to discover or obtain the evidence was not due to lack of diligence, (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching, and (4) the new evidence is probably true and will probably bring about a different result on another trial. *Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.Crim.App. 1979).

In order to entitle an accused to a new trial on newly discovered evidence, case law holds that it must be shown there is, in fact, new evidence, both competent and material to the case, the existence of which was unknown to the appellant at the time of trial. *Eddlemon*, 591 S.W.2d at 849. In *Eddlemon*, the Court held:

> [A] motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial judge, and his decision, absent a showing of clear abuse of discretion, should not be disturbed on

appeal. *Collins v. State*, supra [548 S.W.2d 368 (Tex.Cr.App.1976)]; *Hill v. State*, 480 S.W.2d 670 (Tex.Cr.App.1972). In *Wrenn v. State*, 478 S.W.2d 98 (Tex.Cr.App.1972), the defendant sought a new trial because of a newly discovered witness who supported his alibi defense. The trial court's denial of the motion was upheld because the credibility of the witness was suspect and his testimony was thus viewed as being cumulative of the alibi defense presented at trial. In *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App.1974), this Court again upheld the denial of a new trial on lack of probable truth where there were discrepancies in the new evidence and circumstances which might cast a shadow on its veracity. "The probable truth of the new evidence is primarily a determination for the trial judge. Here, the judge saw the witnesses, observed their demeanor, and was required to determine the issue of their credibility." *Id.* at 483. Where the truth of the new evidence is properly contested, as it is here, this Court should not second-guess the factfinder in the best position to decide the issue.

*Id.* at 849–850.

 In judging whether the materiality test has been met, both credibility and weight of the new evidence are proper considerations. *Jones v. State*, 711 S.W.2d 35, 36–37 n. 3 (Tex.Crim.App.1986). A trial court will not abuse its discretion in determining materiality if it determines (1) the new evidence is "not probably true" or (2) a different result will not probably be reached if the new testimony is produced upon another trial. *Bolden*, 634 S.W.2d at 710. Here Velma Henry's testimony in both versions was offered in an attempt to show that the appellant did not possess the bottle of cocaine seized in this case. If the jury did not believe Ms. Henry's first version, the inconsistent and altered testimony at the motion for new trial hearing would likewise be suspect as to belief and would be highly questionable.

---

1. There have been no Court of Criminal Appeals cases construing the new rule. Both the State and appellant submitted briefs under accepted precedent. Without benefit of such new interpretation we will continue to evaluate motions for new trial under accepted precedent. We have no appellate rule, Rule 30(b)(6) having been disapproved.

Velma Henry's credibility is not for us to judge. What we must determine is whether the trial judge abused his discretion in not accepting Velma Henry's testimony as probably true. *Alford v. State*, 807 S.W.2d 840, 841 (Tex.App.—Waco 1991, no pet.). The trial judge did not accept her testimony as probably true and concluded that another trial would not bring about a different result. We find no abuse of discretion. Point of error number one is overruled.

■ Appellant's point of error number two complains that the lower court erred in admitting State's Exhibits 1, 5, and 6 over appellant's objection to admission based on the State's failure to establish chain of custody. If physical evidence is properly identified, any issues concerning gaps in the chain of custody or proper care of the evidence go to the weight to be given the evidence, not to its admissibility. *Irvine v. State*, 857 S.W.2d 920, 925 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). Only upon a showing that an exhibit was tampered with or altered will a chain of custody question affect admissibility. *Blackmon v. State*, 830 S.W.2d 711, 713 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). In the case at bar there were no allegations that any evidence had been tampered with or altered in any way; therefore, the evidence was admissible and any issues concerning care or custody affected only the weight to be given to the evidence. The trial court did not abuse its discretion in overruling the appellant's objection to the admission of State's Exhibits 1, 5, and 6 based on an incomplete and uncertain chain of custody. Appellant's second point of error is overruled.

The judgment and sentence of the trial court are affirmed.

AFFIRMED.