11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Courtney Eugene Peace

Appellant

Vs.  Nos. 11-00-00297-CR, 11-01-00408-CR, &
11-01-00409-CR B Appeals from Dallas County 

State of Texas

Appellee

 

Courtney
Eugene Peace and Nakia Sharnette Strange were both indicted for the aggravated
robbery of Lynette Lerma on January 30, 2000, and for attempting to cash the
check which was taken in the robbery. 
Appellant was also indicted for the aggravated assault of Jennifer
Moody, Lerma=s friend who was with her at the time of the
robbery.  All five indictments were
tried at the same time.  Both Appellant
and Strange entered pleas of Aguilty@ to the indictments for attempting to cash
the stolen check, but they entered pleas of Anot guilty@ to
the other indictments.  The theory of
their joint defense was that the check was stolen by two other people, that
appellant and Strange had agreed to cash the check, and that they were going to
divide the money with the men who gave them the check.   The jury did not believe them; it assessed
punishment of 15 years confinement for appellant[1]
on the aggravated robbery, 15 years confinement for appellant on the aggravated
assault, and 20 years confinement for Strange[2]
on the aggravated robbery. The trial court assessed punishment on the guilty
pleas, ordering confinement for each for a term of 2 years and a fine of
$1,000.  Appellant appeals.[3]  We affirm the judgments of the trial court.

                                                                The
Three Appeals








Appellant
filed his brief in Cause No. 11-00-00297-CR (the Aguilty plea@) on
August 23, 2001, presenting 45 issues for appellate review.  Issues Nos. 1 thru 4 and 6 thru 45 claim
that appellant=s court-appointed trial counsel rendered Aineffective assistance.@ 
Appellant filed his brief in Cause Nos. 11-01-00408-CR and
11-01-00409-CR on April 11, 2002, presenting 26 issues for appellate
review.  All but three of those issues
claim that appellant=s
court-appointed trial counsel rendered  Aineffective assistance.@ 
Appellant argues in Issue No. 5 of both briefs that the trial court
erred in denying his motion to suppress photographic identifications.  Appellant argues in Issues Nos. 11 and 12 of
his second brief that the trial court erred in failing to grant the motion for
new trial.  

                                                      The
Photographic Identifications

Appellant
was with Strange when she was arrested while attempting to cash the check which
had been stolen from Lerma a few hours earlier.  The police had Lerma and Moody drive by the check-cashing
facility to see if appellant and Strange were the ones who had robbed Lerma and
who had tried to rob Moody.  The two
witnesses did make positive identifications at that time, and they later
identified appellant and Strange from photographic lineups.  Appellant argues on appeal that the
eye-witnesses= viewing at the check-cashing facility was
impermissibly suggestive and that it tainted their subsequent photographic
identifications and their in-court identifications.

The Court
of Criminal Appeals discussed a similar contention in Loserth v. State, 963
S.W.2d 770, 771-74 (Tex.Cr.App.1998):

An
in-court identification is inadmissible when it has been tainted by an
impermissibly suggestive pretrial photographic identification.  The test is whether, considering the
totality of the circumstances, Athe photographic identification procedure was so impermissibly
suggestive as to give rise to a very substantial likelihood of irreparable
misidentification.@  Simmons v. United States, 390 U.S. 377, 88
S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).

 

                                                           *    *   
*

 

The following five nonexclusive factors
should be Aweighed against the corrupting effect of any
suggestive identification procedure in assessing reliability under the totality
of the circumstances@:

 

1. 
The opportunity of the witness to view the criminal at the time          of the crime;

2. 
The witness=
degree of attention;

3. 
The accuracy of the witness= prior description of the criminal;








4. 
The level of certainty demonstrated by the witness at the              confrontation; and

5. 
The length of time between the crime and the confrontation.

 

Neil v. Biggers, 409 U.S.
188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972).

 

                                                *    *  
*

 

The reviewing court
should therefore consider the five Biggers factors, which are all issues
of historical fact, deferentially in a light favorable to the trial court=s ruling.

 

                                                *    *  
*

 

When the trial court does
not make express findings of historical facts, the facts are viewed in a light
favorable to the court=s
ruling.

 

See
also Ibarra v. State, 11 S.W.3d 189, 195 (Tex.Cr.App.1999), cert. den=d, 531 U.S. 828 (2000).

In Garza v. State, 633 S.W.2d 508, 511 (Tex.Cr.App.1981), the Court of
Criminal Appeals discussed the Atrilogy@ of United States v. Wade, 388 U.S. 218
(1967); Gilbert v. California, 388 U.S. 263 (1967); and Stovall v. Denno, 388
U.S. 293 (1967).  The court noted that
permitting a witness to view suspects shortly after the offense allows the
witness to Atest his recollection while his memory is
still fresh and accurate@ and that Athe
quick confirmation or denial of identification expedites the release of
innocent suspects.@  Also, the court noted that this permits the
police to continue their search before the criminal can dispose of evidence of
the crime.








The record
shows that, when the police officer arrived at the check-cashing establishment
about ten hours after the robbery and in response to a report that someone was
trying to cash the check which was taken in the robbery, appellant was standing
in the parking lot while Strange was in the establishment.  Strange had Lerma=s social security card, and appellant
referred to Strange as ALynette.@  The
officer called Moody and Lerma, asking them to come there to identify the check
and to look at the suspects as they drove by the location on their way to meet
the officer.  Moody drove slowly through
the parking lot and then parked behind a nearby gasoline station.  The officer went to their car, and they both
positively identified appellant and Strange as the persons who had robbed Lerma
and attempted to rob Moody.  Three days
later, another police officer asked Moody and Lerma to see if they could identify
the robbers from two different six-person photographic lineups.  Moody promptly identified appellant=s photograph.  Lerma picked two photographs which were similar in appearance,
and one of them was appellant=s photograph.  Both Moody and
Lerma identified Strange in the other photographic lineup.  

Both Moody
and Lerma made positive identifications of appellant and Strange during the
trial.  Both testified that their
identification was based upon their view of the robbers at the time of the
crime.   The record does not show an
impermissibly suggestive drive-by viewing, and it does not show that the
drive-by viewing tainted the photographic lineup.  The record does not show that the witness identification
testimony during trial was tainted, neither by the drive-by viewing nor by the
photographic lineup.  Ibarra v. State,
supra; Loserth v. State, supra; and Garza v. State, supra.  Issue No. 5, as stated in both briefs, is
overruled.

                                                              Motion
for New Trial

Appellant
has not shown that the trial court erred in refusing to grant his motion for
new trial.  See TEX.R.APP.P. 21.3 and
TEX. CODE CRIM. PRO. ANN. art. 40.001 (Vernon Supp. 2002).  The standard of review on the denial of a
motion for new trial is Aabuse of discretion.@  Bolden v. State, 634 S.W.2d
710, 711 (Tex.Cr.App.1982).  As noted in
Eddlemon v. State, 591 S.W.2d 847, 849 (Tex.Cr.App.1979):

The
factors involved in determining whether to grant a new trial on newly
discovered evidence...are well established.  
The record must reflect that: (1) the newly discovered evidence was
unknown or unavailable to the movant at the time of  his trial; (2) the movant=s failure to discover or obtain the evidence was not due to a lack of
diligence; (3) the new evidence is admissible and is not merely cumulative,
corroborative, collateral, or impeaching; and (4) the new evidence is probably
true and will probably bring about a different result on another trial.  (Emphasis added)

 

See also Wortham v.
State, 903 S.W.2d 897, 899 (Tex.App. - Beaumont 1995, pet=n ref=d).  Issues Nos. 11 and 12 in
the brief for the second and third appeals (the aggravated robbery conviction
and the aggravated assault conviction) are overruled.

                                                              Assistance
of Counsel








The
standard of review for claims of Aineffective assistance of counsel@ is well established.  See
Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  The Court of Criminal Appeals made it clear
in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999), that the Anow familiar two-prong Strickland test@ applies to all aspects of criminal
proceedings.  Consequently, the law is
that, in order to obtain a reversal of his conviction, appellant must first
show that his counsel was deficient; then, he must also show that Athe result of the proceeding would have been
different@ if his counsel had rendered effective
assistance.

The
records in the cases before us do not show ineffective assistance of
counsel.  Appellant=s counsel had difficult cases.  Appellant and Strange were arrested while
Strange was attempting to cash the check which was stolen from Lerma.  Lerma and Moody both made positive
identifications of them as the two persons who had confronted them at the time
Lerma was robbed on the night before Strange attempted to cash the stolen
check.  Strange had Lerma=s social security card in her possession at
the time of their arrest, and appellant referred to Strange as ALynette@ during the police investigation. 
Issues Nos. 1 thru 4 and 6 thru 45 in the brief for the first appeal
(the state jail felony conviction) and Issues Nos. 1 thru 4, 6 thru 10, and 13
thru 26 in the brief for the second and third appeals (the aggravated robbery
conviction and the aggravated assault conviction) are overruled.

                                                                This
Court=s Ruling

The
judgments of the trial court are affirmed in all three appeals. 

 

BOB
DICKENSON

SENIOR
JUSTICE

 

May 16, 2002  

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J., and

McCall, J., and Dickenson, S.J.[4]











[1]Appellant=s
periods of confinement for all three felonies will be served concurrently.





[2]Strange had a prior criminal record; these were the
first convictions for appellant. 





[3]The convictions of Strange are not before this
court.  We note that her conviction for
aggravated robbery was affirmed by the Dallas Court of Appeals on December 10, 2001.  That opinion was not published, and the
Court of Criminal Appeals has refused her petition for discretionary review.





[4]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.