11th Court of Appeals
Eastland, Texas
Opinion
 
Sandra Jones Brown 
            Appellant
Vs.            No.11-03-00137-CR – Appeal from Dallas County
State of Texas  
            Appellee
 
            The jury convicted Sandra Jones Brown of criminal mischief, a Class B misdemeanor. TEX.
PENAL CODE ANN. § 28.03 (Vernon Supp. 2004). The trial court assessed appellant’s punishment
at 90 days confinement in the Dallas County Jail and ordered her to pay a fine of $500. The trial
court suspended the imposition of the sentence and placed appellant on community supervision for 
one year. In two points of error, appellant complains that the trial court erred in denying her motion
for new trial. Specifically, appellant argues that she was entitled to a new trial because (1) she
discovered new evidence after her trial and (2) she received ineffective assistance of counsel at trial. 
We find that the trial court did not abuse its discretion in denying appellant’s motion for new trial;
and, therefore, we affirm the judgment of the trial court.
Background Facts 
            The information charged appellant with damaging Gloria Nichols’s car windshield, without
Nichols’s consent, in an amount of at least $50 but less than $500. The trial court appointed counsel
to represent appellant during the trial proceedings. 
The Trial 
            The State presented three witnesses at trial: (1) Nichols; (2) James English, Jr.; and (3) Dallas
Police Officer Shameka King. Appellant testified on her own behalf. 
            Nichols and English testified that they were in their apartment on September 6, 2002, when,
at about 3:00 a.m., they heard Nichols’s car alarm go off. Nichols’s car was parked in the parking
lot of the apartment complex. 
            English said that he went outside when he heard the alarm. He said that he saw appellant
break Nichols’s windshield with a piece of iron. He said that he yelled to Nichols: “Hey. That lady
hit your car.” He said that Nichols called appellant’s name. English said that appellant got into a
car that had been parked on the side of the street and then drove around the corner. English said that
appellant drove back around the corner, looked at him, and smiled at him before she left the scene. 
            Nichols said that she went outside when she heard English yell: “That lady, that lady, she’s
breaking your window.” Nichols said that she saw appellant run away from Nichols’s car. She said
that appellant got into a car that was parked across the street and then drove off. Nichols said that
she called the police. 
            Officer King arrived at the scene. She testified that Nichols’s windshield was broken. She
said that Nichols told her that appellant had damaged the windshield. Officer King said that Nichols
gave her appellant’s address. 
            Appellant testified that she was in bed at the time of the incident. She said that she did not
drive at night because she could not see well at night. She also stated that she could not run because
of her physical condition. She said that she has two ruptured disks in her back and that she has
arthritis. She denied she damaged Nichols’s windshield. 
Appellant’s Motion for New Trial
            Appellant moved for a new trial on the grounds of newly discovered evidence and that she
received ineffective assistance of counsel at trial. For the newly discovered evidence claim,
appellant asserted that she had located a witness, Rufus Hamilton, after the trial. Appellant stated
that Nichols had told Hamilton that a lady named Gloria may have broken her windshield. Appellant
contended that Nichols’s statement to Hamilton established that Nichols and English lied at trial
when they testified that they saw appellant at the scene of the crime. Appellant contended that her
trial counsel rendered ineffective assistance in the following respects: (1) in failing to properly
investigate the case; (2) in failing to call available witnesses on appellant’s behalf; and (3) in failing
to impeach Nichols’s credibility. 
Hearing on Appellant’s Motion for New Trial
            Appellant presented seven witnesses at the hearing: (1) her trial counsel; (2) Ira Junior Hall;
(3) Donald Clark; (4) Katrina LaShonda Brown; (5) Kelwynn Brown; (6) Rufus Aaron Hamilton;
and (7) appellant. 
            Appellant’s trial counsel testified about his investigation in the case. He said that he talked
with appellant about the case on the day of the announcement setting. He said that he obtained
information from appellant in a trial information sheet, including the names of three potential
witnesses and appellant’s version of the facts relating to the incident. The witnesses listed by
appellant did not have personal knowledge of the incident in which Nichols’s windshield was
broken. Appellant’s trial counsel said that he reviewed the documents in the prosecutor’s file. He
said that he obtained the criminal records of potential witnesses, including English, Hall, and
appellant. He discovered that appellant had prior felony convictions, including a conviction for
aggravated kidnapping and convictions for theft. Appellant’s trial counsel also talked with appellant
on the phone during the weekend before the trial and interviewed Hall on the morning of the trial.
Appellant’s trial counsel testified that he did not go to the scene of the crime to investigate. 
            Appellant’s trial counsel testified that he decided not to call character witnesses to testify on
appellant’s behalf at trial. He said that appellant’s convictions were “stale” and, therefore, that the
convictions were not admissible for impeachment purposes during the State’s cross-examination of
appellant. However, he said that, if he had called character witnesses to testify on appellant’s behalf,
then the State could have introduced appellant’s convictions to impeach the testimony of the
character witnesses. Therefore, he decided not to call character witnesses on appellant’s behalf. 
            Appellant’s trial counsel also testified about his decision not to call Hall – appellant’s
neighbor – as a witness. He said that he discussed the case with Hall on the morning of the trial. 
In his opinion, Hall would not be a good witness on behalf of appellant. He stated that Hall would
not present well as a witness and could not provide a strong alibi for appellant. Appellant’s trial
counsel also said that Hall was a convicted felon and, therefore, subject to impeachment and that he
did not want to call a convicted felon to testify on appellant’s behalf.
            Appellant’s trial counsel also testified about the failure to introduce evidence impeaching
Nichols’s character and reputation. He did not believe that presenting testimony to the effect that
Nichols is a liar would have affected the outcome of the trial. 
            Hall testified that he lives in a one-room house right behind appellant’s house. He said that
appellant does not drive at night. He also said that he would have heard appellant’s car if she had
started it on the occasion in question. 
            Clark testified that Nichols told him that appellant had knocked all of the windows out of
Nichols’s car. Clark admitted that he was a convicted felon. 
            Katrina and Kelwynn Brown were two of appellant’s children. They testified that they knew
about appellant’s character for truthfulness and Nichols’s character for untruthfulness. They also
testified that appellant could not run because of her physical condition and that appellant does not
drive at night because of eye problems. 
            Hamilton testified that, at the time of the incident, he lived next door to Nichols. He said that
Nichols told him that she did not know who had broken her window. He also said that Nichols told
him that she thought either appellant or a lady named Gloria had broken the window. 
            Appellant testified that she found out about Nichols’s statement to Hamilton when she
located Hamilton after trial. 
Newly Discovered Evidence
            TEX. CODE CRIM. PRO. ANN. art. 40.001 (Vernon Supp. 2004) provides that an accused
is entitled to a new trial when material evidence favorable to the accused has been discovered since
trial. Motions for new trial based on newly discovered evidence are not favored by the courts and
are viewed with great caution. Drew v. State, 743 S.W.2d 207, 225 (Tex.Cr.App.1987). 
            The trial court is the trier of fact at a hearing on a motion for new trial. Lewis v. State, 911
S.W.2d 1, 7 (Tex.Cr.App.1995). We review a trial court’s decision to grant or deny a motion for new
trial under an abuse of discretion standard. Keeter v. State, 74 S.W.3d 31, 37 (Tex.Cr.App.2002);
Lewis v. State, supra; Drew v. State, supra at 226. A trial court does not abuse its discretion in
denying a motion for new trial based on newly discovered evidence unless the record demonstrates
each of the following requirements: (1) that the newly discovered evidence was unknown to the
movant at the time of trial; (2) that the movant’s failure to discover or obtain the evidence was not
due to lack of diligence; (3) that the new evidence is probably true and its materiality is such as will
probably bring about a different result upon a new trial; and (4) that the new evidence is competent
and not merely cumulative, corroborative, collateral, or impeaching. Wallace v. State, 106 S.W.3d
103, 108 (Tex.Cr.App.2003); Drew v. State, supra at 226; Etter v. State, 679 S.W.2d 511, 515
(Tex.Cr.App.1984). The trial court should consider both the credibility and the weight of the newly
discovered evidence in determining whether the materiality test has been met. Jones v. State, 711
S.W.2d 35, 36-37 n.3 (Tex.Cr.App.1986); Wortham v. State, 903 S.W.2d 897, 899 (Tex.App. –
Beaumont 1995, pet’n ref’d). 
            Appellant contends that Hamilton’s testimony – that Nichols told him that either appellant
or a lady named Gloria had broken her windshield – established that Nichols and English lied when
they testified at trial that they saw appellant at the scene of the crime. Appellant argues that
Hamilton’s testimony satisfied the materiality test for newly discovered evidence. 
            The trial court had the task of determining the credibility of Hamilton’s testimony and the
probability of the truthfulness of the testimony. Etter v. State, supra at 515; Ashcraft v. State, 918
S.W.2d 648, 653 (Tex.App. – Waco 1996, pet’n ref’d). At trial, Officer King testified that Nichols
told her that appellant had damaged the windshield. Thus, the State presented evidence that Nichols
identified appellant as the person who had broken the windshield immediately after the incident
occurred. The State also presented English’s testimony that he saw appellant strike Nichols’s
windshield. As the judge of the credibility of Hamilton’s testimony, the trial court could have
reasonably concluded that Hamilton’s testimony was not of such weight that it would probably bring
about a different result upon a new trial and, therefore, that Hamilton’s testimony did not meet the
materiality test. Wortham v. State, supra at 899-900. Therefore, the trial court did not abuse its
discretion in denying appellant a new trial on her newly discovered evidence theory. Appellant’s
first point of error is overruled.
 Ineffective Assistance of Counsel
            We analyze appellant’s ineffective assistance of counsel claim under the test explained in
Strickland v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in
Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Cr.App.1986). To prevail on her claim, appellant must
establish (1) that her trial counsel’s performance fell below an objective standard of reasonableness
and (2) that a “reasonable probability” exists that the result of the proceeding would have been
different but for her counsel’s deficient performance. Strickland v. Washington, supra; see Mallett
v. State, 65 S.W.3d 59, 62-63 (Tex.Cr.App.2001). A reasonable probability is a probability sufficient
to undermine confidence in the outcome. Hernandez v. State, supra at 55. The purpose of this two-pronged test is to determine whether counsel’s conduct so compromised the proper functioning of the
adversarial process that the trial cannot be said to have produced a reliable result. Thompson v. State,
9 S.W.3d 808, 812-13 (Tex.Cr.App.1999)(citing McFarland v. State, 845 S.W.2d 824, 843
(Tex.Cr.App.1992), cert. den’d, 508 U.S. 963 (1993)).
            The adequacy of defense counsel’s assistance is based upon the totality of the representation
rather than by isolated acts or omissions. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App.1994),
cert. den’d, 514 U.S. 1021 (1995). Our review of counsel’s representation is highly deferential, and
we must indulge a strong presumption that counsel’s conduct falls within a wide range of reasonable
representation. Tong v. State, 25 S.W.3d 707, 712 (Tex. Cr. App. 2000), cert. den’d, 532 U.S.1053
(2001). To defeat the presumption of reasonable representation, “any allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” Thompson v. State, supra at 814 (quoting McFarland v. State, 928 S.W.2d 482,
500 (Tex.Cr.App.1996), cert. den’d, 519 U.S. 1119 (1997)).
            Appellant complains that her trial counsel provided ineffective assistance as follows: (1) by
failing to perform an adequate investigation of the case; (2) by failing to locate and obtain witnesses,
including Hamilton; (3) by failing to present evidence of appellant’s reputation for truthfulness; (4)
by failing to present evidence of appellant’s physical problems; and (5) by failing to present evidence
impeaching Nichols’s character.
            The record demonstrates that appellant’s trial counsel did a number of things to investigate
the case. He talked with appellant about the case on the day of the announcement setting; he
obtained the trial information sheet from appellant; he reviewed the documents in the prosecutor’s
file; he obtained the criminal records of the witnesses; he talked with appellant on the telephone
before the trial; and he interviewed Hall on the morning of trial. 
            Appellant’s trial counsel testified as to his strategy in not calling (1) character witnesses to
testify on appellant’s behalf and (2) Hall as a witness. He did not call character witnesses because
he did not want the State to introduce appellant’s prior convictions into evidence. He believed that
his decision not to call character witnesses enabled appellant to present her case to the jury without
her prior convictions being introduced into evidence. He did not call Hall as a witness because he
did not believe that Hall would make a good witness for appellant. His decision not to call Hall as
a witness was based on his interview of Hall and the fact that Hall had prior felony convictions. 
            Appellant’s trial counsel presented evidence at trial about appellant’s physical problems
through appellant’s testimony. He also referred to appellant’s physical problems during closing
argument. 
            Appellant’s trial counsel testified at the hearing on appellant’s motion for new trial that
neither Nichols, English, nor appellant were credible witnesses at trial. He did not believe that
impeaching Nichols with evidence that she was a “liar” would have changed the outcome of the case. 
            The record does not demonstrate – based on the totality of the representation – that
appellant’s trial counsel’s performance fell below an objective standard of reasonableness. 
Appellant’s trial counsel investigated the case and, based on that investigation, developed a trial
strategy that would prevent the State from using appellant’s prior convictions as impeachment
evidence. The record demonstrates that appellant’s trial counsel made a number of decisions based
on trial strategy, such as the decision not to call character witnesses on behalf of appellant and the
decision not to call Hall as a witness. While appellant’s trial counsel could have presented (1)
evidence corroborating appellant’s testimony about her physical problems and (2) evidence
impeaching Nichols’s reputation for truthfulness, the record does not demonstrate that counsel’s
failure to present such evidence fell below an objective standard of reasonableness. Appellant
testified about her physical problems, and testimony from other witnesses about her physical
problems would have been merely cumulative. The failure to locate Hamilton, standing alone, does
not establish that appellant’s trial counsel’s investigation constituted ineffective assistance of
counsel. Thus, the record does not establish that the performance of appellant’s trial counsel fell
below the standard set forth in the first prong of the Strickland test.
            Even if appellant’s trial counsel should have performed some additional investigation or
presented additional witnesses, the record does not demonstrate a “reasonable probability” that the
result of the proceeding would have been different but for the deficient performance. Strickland v.
Washington, supra; see Mallett v. State, supra at 62-63. Therefore, the record also does not satisfy
the second prong of the Strickland test. Appellant’s second point of error is overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed. 
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
June 24, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.