PAT SMITH v. THE STATE.

No. 819.   Decided February 15, 1911.

Rehearing Denied March 15, 1911.

**1.—Burglary—Evidence—Fruits of Crime.**

Upon trial of burglary there was no error in admitting testimony, that when defendant was arrested he told the person who had him in charge where he would find two pistols that were stolen from the house on the night of the burglary; this was an exception to the rule that confessions made under duress are inadmissible.

**2.—Same—Evidence—Matters Drawn out by Defendant.**

Where upon trial of burglary, the defendant elicited from the witness on cross-examination a certain conversation between a third party and said witness to the effect that defendant and said third party went together in committing the burglary, and there was no objection at the time, and no direct examination by the State upon this matter, defendant could not complain, and there was no error.

**3.—Same—Charge of Court—Intent.**

Upon trial of burglary, where there was no evidence calling for a charge of the court as to the fraudulent intent of the defendant, and the court properly

Vol. LXI Crim.—15.

instructed the jury on the issue of unsoundness of mind of the defendant, there was no error in refusing special instructions as to defendant's intent.

**4.—Same—Charge of Court—Circumstantial Evidence—Insanity.**

Where, upon trial of burglary, the court properly instructed the jury on circumstantial evidence, insanity, and reasonable doubt, there was no error.

**5.—Same—Charge of Court—Ownership—Possession.**

Where, upon trial of burglary, the evidence showed that the parties alleged as owners were in sole possession and control of the house burglarized, and there was no question raised about the actual ownership of the house and no charge requested as to the ownership, and the court's charge correctly presented the law, there was no error.

**6.—Same—Sufficiency of the Evidence.**

Where upon trial of burglary the evidence sustained a conviction, there was no error.

Appeal from the District Court of Wood. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stafford & Geddie* and *Jones & Jones*, for appellant.—On the question of the court's charge on ownership: Grantham v. State, 59 Texas Crim. Rep., 556, 129 S. W. Rep., 839; Roberson v. State, 51 Texas Crim. Rep., 335, 101 S. W. Rep., 800; Martinez v. State, 51 Texas Crim. Rep., 584, 103 S. W. Rep., 930; Coleman v. State, 21 Texas Crim. App., 520.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant appeals from a conviction of the offense of burglary, he being sentenced to two years confinement in the State penitentiary from Wood County, Texas.

1. The facts proven would indicate that defendant and one Mart Everett were painting a roof of an adjoining store, and climbed by means of a ladder to the roof of the building that was burglarized, and entered through the roof. When the appellant was arrested he told the person who had him in charge where he would find two pistols that were stolen from the house the night of the burglary. Objection is made to the admissibility of this testimony, as the defendant was under arrest at the time he made the statement. In Jackson v. State, 29 Texas Crim. App., 463, it is said: "An exception to the rule that the confession of an unwarned defendant while in duress can not be used in evidence against him is when, in connection with the confession, he makes a statement of facts and circumstances found to be true which conduce to establish his guilt. The facts thus stated by the defendant must be known to him through his guilty participation in the crime, and the truth of the same must be ascertained by means of the information derived from the defendant." Walker v. State, 2 Texas

Crim. App., 326; Allison v. State, 14 Texas Crim. App., 122; Weller v. State, 16 Texas Crim. App., 200; Brown v. State, 26 Texas Crim. App., 308; Musgrave v. State, 28 Texas Crim. App., 57.

Bills of exception were also reserved to the admissibility of the testimony of the witness Henry Speights. Had his testimony been originally elicited by the State there is no question that it would be inadmissible; but when the defendant elicits a conversation in cross-examination, and brings out the objectionable testimony, and there is no objection offered to its admissibility until the State commences to inquire about the same conversation, a different question is presented. In approving the bills of exception, the judge trying the cause states in his approval: "The attorney for defendant on a cross-examination of his witness voluntarily went into the confession made by Mart Everett, the State in its direct examination having asked nothing about it, the statement of the witness that Mart told him that they, meaning he and defendant, went in the house, was in answer to a direct question by defendant's counsel calling for the answer given, and no complaint or request was made until the district attorney on direct examination asked the question, 'Did he say anything about having gotten any goods himself?' and the witness answered, 'He said they went in together.'" When a person accepts a bill as qualified by the judge in his approval of it, he is bound thereby. (Jones v. State, 33 Texas Crim. Rep., 7; Hendy v. State, 31 Texas Crim. Rep., 289.) But the bill itself shows that defendant elicited from the witness the same facts. The question asked by defendant's counsel being, "Did you hear Mart Everett make any statement whether or not he has burglarized Bromberg's house?" to which he answered, "I heard him make a statement about the matter. He said they, meaning himself and defendant, went in together and got the goods." The defendant offered no objection to the answer at the time; it had been in answer to a direct question asked by his counsel, and from an examination of the bill we find he made no further or additional statement affecting defendant in answer to any question propounded by State's counsel on re-direct examination. Having himself brought the matter out, and offering no objection at the time, he can not be heard now to complain. In Underwood v. State, 55 Texas Crim. Rep., 605, this court says: "We think that under the general rule that where a part of a conversation is admitted in evidence, all the conversation relating to the same matter should be admitted." See also Spearman v. State, 34 Texas Crim. Rep., 281; Speights v. State, 1 Texas Crim. App., 553.

2. All of the special charges requested by appellant appear to have been given except No. 1. In this the court was requested to charge the jury that, even though they found that defendant entered the house, and took the goods, yet, unless they found beyond a reasonable doubt that he intended to appropriate said articles to his own use and benefit, he would not be guilty. There is no evidence in the record calling for and demanding this charge, unless it was the plea of unsoundness

of mind; and in presenting that phase of the case this charge was in substance given, and the court gave defendant's special charge No. 3, which told the jury "that, if the condition of the defendant's mind was such that he did not know that it was wrong for him to enter said house and remove therefrom said articles of merchandise, you will find the defendant not guilty." This presented the matter as favorably as defendant could expect, for if he was sane, the presumption to commit an offense is presumed whenever the means used are such as would ordinarily result in the commission of the forbidden act (P. C., art. 51), and a man is always presumed to intend that which is the necessary or even probable consequence of his acts. McCoy v. State, 25 Texas, 33; Hatton v. State, 31 Texas Crim. Rep., 586.

3. The criticisms of the court's charge in the tenth, eleventh and thirteenth grounds of the motion for a new trial are not well taken. The charge on circumstantial evidence is very full and fair, and in accordance with precedents approved by this court. The charge on insanity, when taken as a whole, is not on the weight of the evidence, and does not assume that defendant is guilty of the offense. The jury is told the defendant is presumed to be innocent until his guilt is established, and if they have a reasonable doubt as to his guilt they will acquit him, and then follows a charge on defendant's plea of insanity, in which they are instructed under what circumstances they should acquit him, "if they find he did commit the act of burglary." The jury were instructed plainly that they must acquit the defendant, unless he was proven guilty beyond a reasonable doubt, and could not be convicted even then if he was of unsound mind.

4. There is no merit in the contention that the court should have instructed the jury to acquit unless they found who actually owned the house. The evidence shows that Bromberg and Mayer were in sole possession and control of the house burglarized; there was no question raised to the actual ownership of the house in the trial of the case, no charge requested, and the court's charge correctly presented the law.

5. The two other grounds relate solely to the sufficiency of the evidence, and it is insisted strongly that the evidence shows that defendant was insane at the time of the commission of the offense. This is the second appeal in this case, the former being reported in the 117 S. W. Rep., 966. By reference to that opinion it will be seen this defense was made on the former trial also. Twice have juries passed on this question, and in both instances they find against appellant's contention. They saw the witnesses; they heard their testimony. The judge properly submitted this question to them, and they in law are made the judges of the facts proven, the credibility of the witnesses, and the weight to be given their testimony, and we are not disposed to disturb their finding.

Finding no error in the record, the judgment is affirmed:

*Affirmed.*

[Rehearing denied March 15, 1911.—Reporter.]