**Gary Lynn EDDLEMON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58411.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 5, 1979.

Rehearing Denied Jan. 23, 1980.

Pete E. Carless, Arlington, Tom Mills, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., T. Michael Sutton, James G. Walker and Michael R. Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for burglary of a habitation. The punishment, enhanced by proof of a prior felony conviction, was assessed at imprisonment for forty years.

Appellant contends that the trial court erred in denying his motion for new trial based on recently obtained evidence. Appellant also contends that his confession was improperly admitted into evidence and that the trial court erred in sustaining the State's objection to part of appellant's cross-examination. Appellant further contends that the charge to the jury was fundamentally erroneous. We will address each of these contentions in turn.

Appellant's defense at trial was that he had not committed the burglary; the burglary was, he testified, committed by Jose David Lopez. Appellant stated that he was in possession of the stolen items because he obtained them from Lopez. Appellant also explained that he had confessed to the crime only to prevent the arrest of Lopez and another friend, Mark Farmer. Lopez did not testify at the trial. Appellant was found guilty by the jury.

In his motion for new trial, appellant stated that Lopez was now available to testify and that his testimony would absolve appellant of guilt for the burglary. Lopez, with full awareness of his potential penal liability, testified at the hearing on the motion for new trial that he had committed the burglary, gave his version of how the offense occurred, and stated that appellant was not involved in the crime. The trial court denied the motion for new trial.

■ The factors involved in determining whether to grant a new trial on newly discovered evidence under Art. 40.03, Sec. 6, V.A.C.C.P., are well established. The record must reflect that: (1) the newly discovered evidence was unknown or unavailable to the movant at the time of his trial; (2) the movant's failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result on another trial. *Whitmore v. State*, 570 S.W.2d 889 (Tex.Cr.App.1978); *Collins v. State*, 548 S.W.2d 368 (Tex.Cr.App.1976), cert. denied,

430 U.S. 959, 97 S.Ct. 1611, 51 L.Ed.2d 811 (1977); *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App.1974).

■ We will not discuss the application of all of these factors. The trial court did not abuse its discretion in denying the motion for new trial because the evidence was sufficient to support a finding that the testimony of Lopez was probably untrue and would thus have had little effect on the outcome of the trial. At the hearing on the motion for new trial, Lopez repeatedly testified that appellant never contacted him or asked him to admit to the burglary. Yet in his sworn affidavit Lopez stated that: "In 1976, Gary Lynn Eddlemon contacted me and told me he was charged with burglary. He wanted me to give myself up and confess to the burglary. I refused. I believe he went to California shortly after I refused." When confronted with this inconsistency during cross-examination, Lopez testified that the affidavit was wrong. The hearing also brought out several discrepancies between Lopez' account of the burglary and the evidence about what actually occurred. For example, Lopez testified that the apartment was on the second floor of the complex while, in actuality, it was on the ground floor. Also, appellant testified at trial that Lopez gave him the credit cards Lopez took in the burglary in exchange for appellant's agreeing to make the payments on Lopez' car. In contrast, Lopez testified that he gave the credit cards to appellant as a gift with no strings attached and, in addition, testified under cross-examination that there never were any payments made on his car because the car had been paid for with one lump sum of cash, a year before the burglary. We further point out that the evidence which originally supported the conviction included appellant's own confession, which contained minor inconsistencies but which also mentioned several details about the offense that were consistent with the evidence.

■ Appellant does give explanations for the discrepancies in the testimony of Lopez and for his own confession. We must re-emphasize, however, that a motion for

new trial based on newly discovered evidence is addressed to the sound discretion of the trial judge, and his decision, absent a showing of clear abuse of discretion, should not be disturbed on appeal. *Collins v. State*, supra; *Hill v. State*, 480 S.W.2d 670 (Tex.Cr.App.1972). In *Wrenn v. State*, 478 S.W.2d 98 (Tex.Cr.App.1972), the defendant sought a new trial because of a newly discovered witness who supported his alibi defense. The trial court's denial of the motion was upheld because the credibility of the witness was suspect and his testimony was thus viewed as being cumulative of the alibi defense presented at trial. In *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App. 1974), this Court again upheld the denial of a new trial on lack of probable truth where there were discrepancies in the new evidence and circumstances which might cast a shadow on its veracity. "The probable truth of the new evidence is primarily a determination for the trial judge. Here, the judge saw the witnesses, observed their demeanor, and was required to determine the issue of their credibility." Id. at 483. Where the truth of the new evidence is properly contested, as it is here, this Court should not second-guess the factfinder in the best position to decide the issue. Compare *Henson v. State*, 150 Tex.Cr.R. 344, 200 S.W.2d 1007 (1946) with *Williams v. State*, supra.

Appellant also contends that the trial court erred in admitting his written confession into evidence. The prior Art. 38.22, V.A.C.C.P., in effect at the time of the confession, December 14, 1975, provided, in relevant part, that appellant be advised that:

> "(1) he has the right to have a lawyer present to advise him either prior to any questioning or during any questioning,
> "(2) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to counsel with him prior to or during any questioning . . . ."

After a hearing on the voluntariness of the confession, the trial court found that appellant was given and understood all the warnings printed on the top of his written state-ment. As to waiver of counsel, appellant was advised that:

> ". . . I have the right to consult with a lawyer prior to the answering of any questions or the making of any statement; that I may have a lawyer present with me during the answering of any questions or the making of any statement; that if I am unable to employ a lawyer, I have the right to have one appointed for me by proper judicial authority without any cost or expense to me . . . ."

Appellant claims that this warning failed to comply with Art. 38.22 because, in mentioning the right to appointment of a lawyer, the warning does not track the statutory repetition of the right to have such appointed counsel "prior to or during any questioning" and further includes a clause, "by proper judicial authority," which is not in the statute.

■ We hold that appellant was advised of his rights in full compliance with Art. 38.22. All of the rights listed in that statute were included in the warning given to appellant by the police. Appellant, an adult with demonstrable experience with and knowledge of criminal procedure, does not claim that *he* was confused or misled and never asserts that he did not understand his rights. A warning which conveys, on "the face of the statement" and in only slightly different language, the exact meaning of the statute is sufficient to comply with the statute. Appellant's position attacks the statement "due to the scrivener's error—technical noncompliance with the statute. It reflects the feeling that the requirements of *Miranda* have become more a ritualistic formalism than a means to protect the underlying constitutional privilege." Bubany, *The Texas Confession Statute: Some New Wine in the Same Old Bottle*, 10 Tex.Tech. L.Rev. 67, 73 (1978); see also id. at 76. The privilege was protected; we reject appellant's position.

■ Appellant complains that the trial court improperly restricted his cross-examination of R. D. Tucker, the police officer who took appellant's confession. Appel-

lant's counsel argues he was attempting to show that Officer Tucker was aware of inconsistencies between appellant's statement and the offense report. As a part of this effort, appellant asked: "You don't believe your own offense report?" The State's objection to this question was sustained. The question was argumentative; appellant elsewhere was given full latitude to explore these inconsistencies. This ground of error is overruled.

Appellant finally contends that the charge to the jury was defective and that this defect was fundamental error. The portion of the charge which applied the law to the facts authorized the jury to return a guilty verdict "if you believe from the evidence . . ." that appellant "did then and there, knowingly or intentionally, without the effective consent of *Richard Robinson*, the owner thereof, enter a building . . . ." Appellant argues that this charge instructed the jury that Richard Robinson was in fact the owner of the building and thus instructed a verdict on that element of the offense. There was no objection to this charge at the time of trial.

The evidence showed that Richard Robinson was the owner of the burglarized habitation, as ownership is defined in V.T.C.A. Penal Code, 1.07(24). There is nothing in the record which raises any dispute over this issue. In *Smith v. State*, 61 Tex.Cr.R. 225, 135 S.W. 533 (Tex.Cr.App.1911), this Court held that:

> "There is no merit in the contention that the court should have instructed the jury to acquit, unless they found who actually owned the house. The evidence shows that Bromberg and Mayer were in sole possession and control of the house burglarized. There was no question raised as to the actual ownership of the house in the trial of the case, no charge requested, and the court's charge correctly presented the law."

Appellant has also filed a pro se brief alleging various irregularities in the record. We have carefully reviewed his contentions and find them to be without merit.

The judgment is affirmed.