**Clifford Sherman HAYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0493–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 4, 1982.

Will Gray, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

EVANS, Chief Justice.

A jury found the appellant guilty of forgery, and upon his conviction, enhanced by two previous felonies, the court sentenced the appellant to life imprisonment.

In one ground of error, the appellant contends that the trial court's charge was fundamentally defective in its application of the law to the facts, because it allowed a conviction upon the jury's finding of less than all of the elements of the offense.

The charge to the jury reads as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about the 19th day of January, 1979, in Harris County, Texas, the defendant, Clifford Sherman Hayes, did unlawfully and with intent to defraud or harm forge the writing duplicated below:

(check duplicated here)

which purported to be the act of another who did not authorize that act, by possessing it with intent to utter it and while knowing it was forged, then you will find the defendant guilty of the offense of forgery as charged in the indictment.

It is the appellant's position that the forgery statute, Tex.Penal Code Ann. § 32.-21(a)(1)(C) requires that the jury make an affirmative finding on each of the following elements of the offense:

(1) that Hayes, with intent to defraud and harm,

(2) forged the writing duplicated therein,

(3) which purported to be the act of another,

(4) who did not authorize that act,

(5) by possessing it with intent to utter it,

(6) while knowing it was forged.

The appellant argues that the underlined language in the charge amounted to an instruction by the court that elements (3), (4), (5), and (6) had been established as a matter of law, and that the jury needed only to find elements (1) and (2) to convict the appellant of forgery.

The phrase "by possessing it with intent to utter it and while knowing it was forged" modifies the verb "forge", so that the only two elements which could have been removed from the jury's consideration by the wording of the charge were (3) "which purported to be the act of another", and (4) "who did not authorize that act."

The evidence is undisputed that the check purported to be the act of a party other than the appellant and that such party had not authorized such an act. Thus, the trial court's charge on these two undisputed facts did not constitute fundamental error. *Eddlemon v. State*, 591 S.W.2d 847, 851 (Tex.Crim.App.1979).

The trial court's judgment is affirmed.