Crenshaw v. State 






NO. 10-90-065-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          PHILLIP DOYLE CRENSHAW,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 40th Judicial District Court
Ellis County, Texas
Trial Court # 17,146

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury convicted Appellant of murder and assessed his punishment at forty years in prison. 
See Tex. Penal Code Ann. § 19.02 (Vernon 1989). Appellant complains that the court erred
when it (1) commented about the appropriate range of punishment for different offenses, (2) failed
to submit a defensive instruction, and (3) denied a motion for a new trial based on newly
discovered evidence. He also argues that the prosecutor failed to disclose exculpatory evidence
material to the case. The judgment will be affirmed.
          Before voir dire examination commenced, the court instructed the venire as follows:
For instance, if you had an eighty-six-year-old man who had been married to his
wife for sixty years and she is in terrible shape with terminal cancer and she's in great
agony. And you hear about those cases where [the] husband decides to do something about
that.
Some people term that as a mercy killing. Well, there is no such thing as a mercy
killing, at least not in Texas. And that would be, in that certain situation, that would be
a murder case.
And some people might consider it a case that might be -- would be worthy of
probation and some might not.
But there are also other facts and circumstances. Sometimes there are cases -- and
this is an outlandish example, but it's not unbelievable.
Suppose a man or somebody robbed your house while you were away and rapes
your wife and kills your children, burns the house down around them. And he finds out
who did it and he tracks them down. It takes him two weeks and he tracks him down and
kills him.
Some people might think that might be excusable. It's not the law. That is what
is known as taking the law in your own hands. That would be murder.
Appellant's first point is that these comments invaded the province of the jury and commented on
what type of punishment is appropriate in certain cases.
          Article 38.05 of the Code of Criminal Procedure provides in part that a judge shall not
"make any remark calculated to convey to the jury his opinion of the case." Tex. Code Crim.
Proc. Ann. art. 38.05 (Vernon 1979). however, to constitute reversible error, a comment must
be such that it is reasonably calculated to benefit the state or prejudice the defendant. Davis v.
State, 651 S.W.2d 787, 789 (Tex. Crim. App. 1983). The following portion of the judge's
instructions clearly demonstrates that the instructions were not reasonably calculated to benefit the
State or prejudice Appellant:
Now, I don't mean to give you any specific example and say this is a type of case
that might be entitled to the minimum punishment. This might be the type of case that
might be entitled to the maximum punishment.
There are -- you don't have to sit there, and I can't sit here, and conjure up all the
possibilities that might be involved in a murder case that you might consider the maximum
punishment or the minimum punishment.
But what you -- and it's not what you would do in this particular case. We cant' --
I, the judge, nor the attorneys, are not going to be allowed to commit you as to what you
would do in this particular case, what type of punishment you would give to this kind of
case if you found [Appellant] guilty. We are not going to be allowed to do that.
What we have to ask you and what the attorneys will be asking you is whether or
not you can consider the entire range of punishment set by the Legislature of the [S]tate
of Texas for a murder case, that is, not less than five years, and it could be probated, all
the way up to life in the Texas Department of Corrections and a $10,000 fine.
And then assess the appropriate punishment that is authorized by law and justified
by the evidence, after you have heard the facts and circumstances in the case and do what's
appropriate within the range, and you haven't already got your mind made up that I am not
going to do this and I'm not going to do that before I've heard anything.
Furthermore, Appellant waived any complaint when he failed to timely object to the court's
instructions. See Tex. R. App. P. 52(a). Point one is overruled.
          Although Appellant did not object to the charge or request an instruction on duress at trial,
point four is that the court fundamentally erred when it failed to submit an instruction on duress
to the jury. A defendant is entitled upon timely request to an affirmative instruction on every
defensive issue raised by the evidence. Dyson v. State, 672 S.W.2d 460, 463 (Tex. Crim. App.
1984). Because Appellant failed to timely request an instruction on duress, he was not entitled to
have the issue submitted to the jury. See id.; Tex. R. App. P. 52(a).
          Assuming that Appellant preserved this complaint, the facts did not raise the issue of
duress. Section 8.05 of the Penal Code provides that duress is an affirmative defense to
prosecution when the defendant "engaged in the proscribed conduct because he was compelled to
do so by threat of imminent death or serious bodily injury to himself or another." Tex. Penal
Code Ann. § 8.05(a) (Vernon 1974).
          Appellant was charged with murder, i.e., intentionally or knowingly causing the death of
an individual or intending to cause serious bodily injury and committing an act clearly dangerous
to human life which resulted in death. See Tex. Penal Code Ann. §19.02 (a)(1), (2) (Vernon
1989). There was some evidence at trial that Appellant helped dispose of the body because he
feared that he or a member of his family would be harmed if he did not. Nothing in the record,
however, indicates that Appellant committed the murder, i.e., the proscribed conduct, while under
threat of imminent death or serious bodily injury to himself or another. Therefore, the defense
of duress was not raised by the evidence and the court did not err when it failed to affirmatively
submit an instruction on duress to the jury. Point four is overruled.
          Appellant complains in points two and three that he should have been granted a new trial
because the prosecutor withheld exculpatory evidence. He asserts that Dan and Evelyn Jackson,
who were under a "gag order," were prevented from disclosing statements favorable to his defense
of duress. Specifically, he says that the Jacksons could have purportedly testified to statements
by Richard Epps, a co-defendant, which allegedly corroborated Appellant's claim that he acted
under threat of serious bodily injury to himself or another. 
          To be entitled to a new trial based on newly discovered evidence, a defendant must show
that: (1) the evidence was unknown at the time of trial; (2) the failure to discover the evidence was
not the result of a lack of diligence; (3) the newly discovered evidence is admissible and not
merely cumulative, collateral, corroborating or impeding; and (4) the new evidence, which is
probably true, may result in a different verdict. Eddlemon v. State, 591 S.W.2d 847, 849 (Tex.
Crim. App. [Panel Op.] 1979). Furthermore, the denial of a motion for a new trial will not be
disturbed unless there was an abuse of discretion. Id. 
          As decided above, the evidence did not raise the defense of duress. Thus, the newly
discovered evidence was essentially irrelevant and not favorable to Appellant. Even assuming that
Appellant could meet the first three prongs of the Eddlemon test, he is unable to show that the new
evidence would have affected the outcome of his trial. Therefore, the court did not abuse its
discretion when it denied Appellant's motion for a new trial. Points two and three are overruled
and the judgment is affirmed.


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed July 11, 1991
Do not publish