In re Curtis Wayne Hartfield















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-168-CV

IN RE CURTIS WAYNE HARTFIELD
 
 

 Original Proceeding
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Curtis Wayne Hartfield seeks a writ of mandamus compelling Johnson County Justice of the
Peace Betty Stiles to proceed to trial on a matter filed in her court on June 4, 1999. We dismiss
the petition for mandamus for want of jurisdiction.
      Section 22.221 of the Government Code prescribes the original jurisdiction of the courts of
appeals. That section states:
(b)Each court of appeals for a court of appeals district may issue all writs of mandamus,
agreeable to the principles of law regulating those writs, against a:
judge of a district or county court in the court of appeals district; or
(2) judge of a district court who is acting as a magistrate at a court of inquiry under
Chapter 52, Code of Criminal Procedure, in the court of appeals district.

Tex. Gov’t Code Ann. § 22.221(b) (Vernon Supp. 1998). The Government Code does not
confer mandamus jurisdiction over justice courts upon the courts of appeals. Id.; see Casner v.
Rosas, 943 S.W.2d 937, 938 (Tex. App.—El Paso 1997, no writ). Accordingly, we dismiss the
petition for want of jurisdiction.

                                                                                     PER CURIAM

Before Justice Vance,
      Justice Gray, and
      Justice Campbell (sitting by assignment)
Opinion delivered and filed July 21, 1999
Petition dismissed
Do not publish



she had known
of the suppressed evidence, it may have affected her decision on punishment—demonstrates that
withholding the testimony contributed to his punishment.
          When considering newly discovered evidence, the court has "broad discretion to determine
the issues, the credibility of the witnesses and whether a different result would occur in the event
of a retrial." Ochoa v. State, 653 S.W.2d 368, 372 (Tex. App.—San Antonio 1983, no pet.). 
Furthermore, the denial of a motion for a new trial will not be disturbed unless there was an abuse
of discretion. Eddlemon v. State, 591 S.W.2d 847, 849 (Tex. Crim. App. [Panel Op.] 1979). 
          The Jacksons never mentioned Appellant in their testimony or in the written transcript of
the interview, which concerned a conversation they had with Richard and Tiffany Epps. Nor did
their testimony corroborate Appellant's contention that he helped dispose of the body after the
murder under duress. Under the circumstances, the court could have reasonably found that the
evidence was irrelevant and would not have mitigated Appellant's punishment. This finding was
reasonable, especially in the light of juror Williams' affidavit in which she merely stated that the
evidence may have affected her decision on punishment.
          Moreover, the court could have reasonably concluded that the Jacksons' testimony did not
constitute newly discovered evidence. For the purpose of obtaining a new trial, evidence is not
"newly discovered" if it is known to the defense at the time of the trial. Huffman v. State, 479
S.W.2d 62, 68 (Tex. Crim. App. 1972). Appellant's trial counsel first became aware of the
evidence the Jacksons possessed and the written transcript when Dan Jackson approached him
while the jury was still deliberating on punishment. The record does not reflect, however, that
he ever asked the court to allow Appellant to reopen the evidence on punishment, to present the
testimony of the Jacksons, and then to either reargue punishment or allow the jury to resume its
deliberations without additional argument. 
          Based on the record as a whole, we cannot hold that the court abused its discretion when
it denied Appellant's motion for a new trial. We affirm the judgment.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 19, 1992
Do not publish