NO. 07-04-0291-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 13, 2005



______________________________




ROSE M. GRAVES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 93-417705; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Rose M. Graves, appeals from a judgment revoking community
supervision and imposing sentence pursuant to conviction for delivery of a controlled
substance. We affirm.

 In 1994, appellant entered an open plea of guilty to a charge of delivery of a
controlled substance, cocaine, in an amount less than 28 grams. Following trial, the court
found that the evidence substantiated appellant's guilt, accepted the guilty plea, found
appellant guilty, and sentenced appellant to confinement for ten years. However, the
confinement was suspended and appellant was placed on community supervision for a
period of ten years.

 In 2003, the State filed an Application to Revoke Community Supervision. The
State contended, in its application, that appellant had violated the terms and conditions of
her community supervision by, among other things, committing the offenses of
manufacture of a controlled substance and possessing a controlled substance with the
intent to deliver. The State's application was called and heard on April 7, 2004. (1) The trial
court found that appellant had violated the terms of her probation, revoked the order
placing appellant on community supervision, and ordered that appellant serve the
confinement portion of her sentence in the Institutional Division of the Texas Department
of Criminal Justice. 

 By her sole issue on appeal, appellant contends that the trial court erred in refusing
to grant her motion for new trial based on newly available evidence. (2) 

 Whether a trial court erred in denying a motion for new trial based on new evidence
is determined by whether the trial court abused its discretion. Keeter v. State, 74 S.W.3d
31, 37 (Tex.Crim.App. 2002). To obtain a new trial based on new evidence, the movant
must establish that the evidence was (1) previously unknown or unavailable, (2) unknown
or unavailable for reasons other than a lack of due diligence on the part of the movant, (3)
admissible and not merely cumulative, corroborative, collateral or impeaching, and (4)
probably true and would probably result in a different outcome in another trial. Id. at 36-37;
Eddlemon v. State, 591 S.W.2d 847, 849 (Tex.Crim.App. 1979). As motions for new trial
based on new evidence are not favored, we must view appellant's motion with great
caution. Drew v. State, 743 S.W.2d 207, 225-26 (Tex.Crim.App. 1987).

 A review of the record reveals that appellant asked the trial court to consider an
affidavit and testimony from Mr. Young at the April 7, 2004 hearing. After discussing this
"new evidence" in relation to appellant's motion for new trial in the manufacture/possession
case, appellant's counsel stated, "Then I take it the Court has overruled the Motion for New
Trial. Will the Court accept into evidence in the revocation hearing the affidavit of Mr.
Young?" To which the court responded, "The Court will accept the affidavit . . . as part of
the record in the revocation . . . ." (Emphasis added). (3) We cannot see how a trial court
could properly grant a motion for new trial based on newly available evidence when the
same evidence upon which the motion is based was admitted into evidence during the trial. 
After the trial court admitted Mr. Young's affidavit, appellant made no further offer of
evidence. As appellant has failed to identify any newly available or discovered evidence
to support a new trial of the revocation proceedings, we conclude that the trial court did not
abuse its discretion in refusing to grant appellant's motion. (4)

 Concluding that appellant failed to present any new evidence to the trial court, we
affirm the trial court's judgment revoking appellant's community supervision.


 Mackey K. Hancock

 Justice





Do not publish. 







 
1. In her brief and in oral submissions, appellant contends that the revocation hearing
was called and heard at the same time as the manufacture and possession charges. 
However, the record reflects that the revocation was not called until April 7th. Further, it
is clear that, regardless of when the revocation proceeding commenced, the trial court had
not ruled on the revocation prior to April 7th. 
2. Appellant's motion for new trial is not contained in the appellate record. At oral
submissions, appellant contended that the motion applied to the revocation as well as the
manufacture/possession charges. For purposes of this opinion, we will assume this to be
true.
3. Of course, appellant's trial counsel's acknowledgment that the trial court had
overruled the motion for new trial belies appellant's appellate counsel's contention that the
motion for new trial applied to both the manufacture/possession conviction and the
judgment revoking appellant's community supervision.
4. This court has previously addressed appellant's motion for new trial in the context
of the manufacture/possession conviction concluding that the trial court did not abuse its
discretion in denying appellant's motion. See Young v. State, No. 07-04-0230-CR, 2005
Tex.App. LEXIS 4383 (Tex.App.-Amarillo June 8, 2005, no pet. h.). 



rue" Name="Quote"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00324-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
9, 2011

 



 

JAMES CODY SULLIVAN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF
CASTRO COUNTY;

 

NO. A3000-0504; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER
OF ABATEMENT AND REMAND

Appellant,
James Cody Sullivan, filed a notice of appeal from his conviction for forgery
of a financial instrument, and sentence of two years
incarceration in the State Jail Division of the Texas Department of Criminal
Justice, and $500 fine.  We must again
abate and remand this appeal.

The
appellate court clerk received and filed the trial court clerk=s record on October 7, 2010.  The trial court reporter=s record was due to be received by
October 4, 2010.  This Court received two
requests for extension of time to file the reporters record, both indicating
that appellant had neither requested preparation of the record nor paid for or
made arrangements to pay for the record. 
Concurrent with granting the reporters first request for extension,
this Court sent a letter to appellant directing him to request and to pay for
or make arrangements to pay for the reporters record and to certify that such
action was taken by November 15, 2010, or the Court may set a deadline for
appellants brief in the absence of a reporters record.  When the reporters second request for
extension was received on November 17 and no certification of compliance with the
Courts directive was received from appellant, the Court notified appellant by
letter that his appellate brief was due on or before December 20, 2010.  Appellant did not file his brief or request
an extension of time to file his brief by this deadline.  Consequently, on January 3, 2011, this Court
sent appellant notice that, pursuant to Texas Rule of Appellate Procedure 38.8,
failure to file his brief by January 13, may result in the appeal being abated
and remanded without further notice. 
Having not received appellants brief, on January 20, this Court abated
the appeal and remanded it to the trial court to determine whether appellant
desired to continue to prosecute the appeal and if he was indigent and desired
appointment of counsel.  On February 17, the
trial court held a hearing at which appellant attested that he would retain the
services of an attorney to assist him in his appeal on that same day.  However, to date, no counsel has made an
appearance on appellants behalf.  In
fact, the attorney that appellant indicated at the hearing that he intended to
retain, Bryan Johnston, has corresponded with this Court specifically
indicating that he has neither been appointed to represent appellant in this
appeal nor has he been retained by appellant to represent him in this
appeal.  The appeal was reinstated from
the abatement on February 18.  This Court
notified appellant of reinstatement of the appeal on March 2.  In that notice, the Court advised appellant
that his brief was due on or before April 1. 
When appellant failed to file his brief by this deadline, the Court, on
April 13, notified appellant that his brief was, once again, past due.  By this correspondence, the Court directed
appellant to file his brief on or before April 25 or the appeal would be abated
and remanded to the trial court without further notice.  To date, appellant has still not filed his
brief.

Accordingly,
we now abate this appeal and remand the cause to the trial court.  See Tex.
R. App. P. 38.8(b)(2).  Upon remand, the judge of the trial court is
directed to immediately cause notice to be given of and to conduct a hearing to
determine: (1) whether appellant desires to prosecute this appeal; (2) if
appellant desires to prosecute this appeal, whether appellant is indigent and
whether appellant desires that counsel be appointed to represent him on the
appeal; and (3) what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.[1]  If the trial court appoints counsel for
appellant or if appellant retains counsel, the court should cause the Clerk of
this Court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
See Tex. R. App. P. 38.8(b)(3).  In the absence
of a request for extension of time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than June 9, 2011.      

 

Per Curiam

Do not publish.

 

            








 











[1] Our review of the record reveals that appellant is not
currently serving his sentence of two years
incarceration in a state jail facility because he has been released from
custody on an appeal bond.  Based on the
extensive delays caused by appellant and as appellant is currently avoiding
incarceration on an appeal bond, we direct the trial court to find whether this
appeal was taken by appellant with the intention of pursuing it to completion
or was taken for other purposes unrelated to the disposition of the case, such
as for purely dilatory purposes.  See
Meyer v. State, 310 S.W.3d 24, 26 (Tex.App.Texarkana
2010, no pet.).