NO. 07-04-0291-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 13, 2005

_____


ROSE M. GRAVES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 93-417705; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Rose M. Graves, appeals from a judgment revoking community supervision and imposing sentence pursuant to conviction for delivery of a controlled substance. We affirm.

In 1994, appellant entered an open plea of guilty to a charge of delivery of a controlled substance, cocaine, in an amount less than 28 grams. Following trial, the court

found that the evidence substantiated appellant's guilt, accepted the guilty plea, found appellant guilty, and sentenced appellant to confinement for ten years. However, the confinement was suspended and appellant was placed on community supervision for a period of ten years.

In 2003, the State filed an Application to Revoke Community Supervision. The State contended, in its application, that appellant had violated the terms and conditions of her community supervision by, among other things, committing the offenses of manufacture of a controlled substance and possessing a controlled substance with the intent to deliver. The State's application was called and heard on April 7, 2004.[1] The trial court found that appellant had violated the terms of her probation, revoked the order placing appellant on community supervision, and ordered that appellant serve the confinement portion of her sentence in the Institutional Division of the Texas Department of Criminal Justice.

By her sole issue on appeal, appellant contends that the trial court erred in refusing to grant her motion for new trial based on newly available evidence.[2]

---

[1] In her brief and in oral submissions, appellant contends that the revocation hearing was called and heard at the same time as the manufacture and possession charges. However, the record reflects that the revocation was not called until April 7th. Further, it is clear that, regardless of when the revocation proceeding commenced, the trial court had not ruled on the revocation prior to April 7th.

[2] Appellant's motion for new trial is not contained in the appellate record. At oral submissions, appellant contended that the motion applied to the revocation as well as the manufacture/possession charges. For purposes of this opinion, we will assume this to be true.

2

Whether a trial court erred in denying a motion for new trial based on new evidence is determined by whether the trial court abused its discretion. Keeter v. State, 74 S.W.3d 31, 37 (Tex.Crim.App. 2002). To obtain a new trial based on new evidence, the movant must establish that the evidence was (1) previously unknown or unavailable, (2) unknown or unavailable for reasons other than a lack of due diligence on the part of the movant, (3) admissible and not merely cumulative, corroborative, collateral or impeaching, and (4) probably true and would probably result in a different outcome in another trial. Id. at 36-37; Eddlemon v. State, 591 S.W.2d 847, 849 (Tex.Crim.App. 1979). As motions for new trial based on new evidence are not favored, we must view appellant's motion with great caution. Drew v. State, 743 S.W.2d 207, 225-26 (Tex.Crim.App. 1987).

A review of the record reveals that appellant asked the trial court to consider an affidavit and testimony from Mr. Young at the April 7, 2004 hearing. After discussing this "new evidence" in relation to appellant's motion for new trial in the manufacture/possession case, appellant's counsel stated, "Then I take it the Court has overruled the Motion for New Trial. Will the Court accept into evidence in the revocation hearing the affidavit of Mr. Young?" To which the court responded, "The Court will accept the affidavit . . . as part of the record in the revocation . . . ." (Emphasis added).[3] We cannot see how a trial court could properly grant a motion for new trial based on newly available evidence when the same evidence upon which the motion is based was admitted into evidence during the trial.

---

[3] Of course, appellant's trial counsel's acknowledgment that the trial court had overruled the motion for new trial belies appellant's appellate counsel's contention that the motion for new trial applied to both the manufacture/possession conviction and the judgment revoking appellant's community supervision.

After the trial court admitted Mr. Young's affidavit, appellant made no further offer of evidence. As appellant has failed to identify any newly available or discovered evidence to support a new trial of the revocation proceedings, we conclude that the trial court did not abuse its discretion in refusing to grant appellant's motion.[4]

Concluding that appellant failed to present any new evidence to the trial court, we affirm the trial court's judgment revoking appellant's community supervision.


Mackey K. Hancock
Justice


Do not publish.

---

[4] This court has previously addressed appellant's motion for new trial in the context of the manufacture/possession conviction concluding that the trial court did not abuse its discretion in denying appellant's motion. See Young v. State, No. 07-04-0230-CR, 2005 Tex.App. LEXIS 4383 (Tex.App.–Amarillo June 8, 2005, no pet. h.).