IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00155-CV

 

Crystal Paradise Dynasty, LLP,

                                                                                    Appellant

 v.

 

Barnett Gathering, LP,

                                                                                    Appellee

 

 



From the 220th District
Court

Bosque County, Texas

Trial Court No. 07-09-23407
BCCV

 



MEMORANDUM  Opinion










 

Crystal Paradise Dynasty, LLP sought to
appeal an adverse judgment rendered against it in a condemnation proceeding. 
The appeal was referred to mediation.  After the date set for mediation had
passed, the Court received a letter dated November 17, 2010 from the mediator
informing the Court that the case had been successfully mediated and that
closing documents would be prepared and submitted to the Court in a timely
manner.  When no further information was received, the Clerk of this Court, in
a letter dated December 27, 2010, notified Crystal Paradise Dynasty, LLP that
they must provide the Court with a motion to dismiss or other document
addressing the proper disposition of the appeal within 14 days from the date of
the letter.  The Clerk also warned Crystal Paradise Dynasty, LLP that if the
Court did not timely receive a motion to dismiss the appeal or other document
addressing the proper disposition of the appeal, the appeal would be dismissed
for want of prosecution.  

            More than 14 days have
passed, and we have not received a motion to dismiss the appeal or other
document addressing the proper disposition of the appeal.

            Accordingly, this appeal is
dismissed.  Tex. R. App. P.
42.3(b).

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
dismissed

Opinion
delivered and filed January 26, 2011

[CV06]






what you -- and it's not what you would do in this particular case. We cant' --
I, the judge, nor the attorneys, are not going to be allowed to commit you as to what you
would do in this particular case, what type of punishment you would give to this kind of
case if you found [Appellant] guilty. We are not going to be allowed to do that.
What we have to ask you and what the attorneys will be asking you is whether or
not you can consider the entire range of punishment set by the Legislature of the [S]tate
of Texas for a murder case, that is, not less than five years, and it could be probated, all
the way up to life in the Texas Department of Corrections and a $10,000 fine.
And then assess the appropriate punishment that is authorized by law and justified
by the evidence, after you have heard the facts and circumstances in the case and do what's
appropriate within the range, and you haven't already got your mind made up that I am not
going to do this and I'm not going to do that before I've heard anything.
Furthermore, Appellant waived any complaint when he failed to timely object to the court's
instructions. See Tex. R. App. P. 52(a). Point one is overruled.
          Although Appellant did not object to the charge or request an instruction on duress at trial,
point four is that the court fundamentally erred when it failed to submit an instruction on duress
to the jury. A defendant is entitled upon timely request to an affirmative instruction on every
defensive issue raised by the evidence. Dyson v. State, 672 S.W.2d 460, 463 (Tex. Crim. App.
1984). Because Appellant failed to timely request an instruction on duress, he was not entitled to
have the issue submitted to the jury. See id.; Tex. R. App. P. 52(a).
          Assuming that Appellant preserved this complaint, the facts did not raise the issue of
duress. Section 8.05 of the Penal Code provides that duress is an affirmative defense to
prosecution when the defendant "engaged in the proscribed conduct because he was compelled to
do so by threat of imminent death or serious bodily injury to himself or another." Tex. Penal
Code Ann. § 8.05(a) (Vernon 1974).
          Appellant was charged with murder, i.e., intentionally or knowingly causing the death of
an individual or intending to cause serious bodily injury and committing an act clearly dangerous
to human life which resulted in death. See Tex. Penal Code Ann. §19.02 (a)(1), (2) (Vernon
1989). There was some evidence at trial that Appellant helped dispose of the body because he
feared that he or a member of his family would be harmed if he did not. Nothing in the record,
however, indicates that Appellant committed the murder, i.e., the proscribed conduct, while under
threat of imminent death or serious bodily injury to himself or another. Therefore, the defense
of duress was not raised by the evidence and the court did not err when it failed to affirmatively
submit an instruction on duress to the jury. Point four is overruled.
          Appellant complains in points two and three that he should have been granted a new trial
because the prosecutor withheld exculpatory evidence. He asserts that Dan and Evelyn Jackson,
who were under a "gag order," were prevented from disclosing statements favorable to his defense
of duress. Specifically, he says that the Jacksons could have purportedly testified to statements
by Richard Epps, a co-defendant, which allegedly corroborated Appellant's claim that he acted
under threat of serious bodily injury to himself or another. 
          To be entitled to a new trial based on newly discovered evidence, a defendant must show
that: (1) the evidence was unknown at the time of trial; (2) the failure to discover the evidence was
not the result of a lack of diligence; (3) the newly discovered evidence is admissible and not
merely cumulative, collateral, corroborating or impeding; and (4) the new evidence, which is
probably true, may result in a different verdict. Eddlemon v. State, 591 S.W.2d 847, 849 (Tex.
Crim. App. [Panel Op.] 1979). Furthermore, the denial of a motion for a new trial will not be
disturbed unless there was an abuse of discretion. Id. 
          As decided above, the evidence did not raise the defense of duress. Thus, the newly
discovered evidence was essentially irrelevant and not favorable to Appellant. Even assuming that
Appellant could meet the first three prongs of the Eddlemon test, he is unable to show that the new
evidence would have affected the outcome of his trial. Therefore, the court did not abuse its
discretion when it denied Appellant's motion for a new trial. Points two and three are overruled
and the judgment is affirmed.


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed July 11, 1991
Do not publish